IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO.    07-689-10 |
| vs. : | |
| : | |
| ROBERT DUNPHY : | |
| : | |

**SENTENCING MEMORANDUM**

AND NOW, Robert Dunphy, by and through counsel, Marc J. Frumer, Esquire, hereby presents the following in support of his Sentencing Memorandum seeking that (1) his Criminal History Category be determined as III and not that of Category VI; and (2) the Offense Level be adjusted downward to level 23, from level 32. Additionally, (3) counsel urges that Mr. Dunphy receive a downward departure due to his minor role in the single burglary.

I.  Criminal History Category should be III not VI.

The United States Attorney's office, Defendant and defense counsel entered into the plea agreement with the mutual understanding that Mr. Dunphy's Criminal History point total was that of Category III, not Category VI - Career Offender status. Indeed, both counsel agreed that Defendant's base guideline exposure was 57 - 71 months, or that of Offense Level 23 with a Category III Criminal History. This was the foundation for the plea. It was also agreed that Defendant could assert that he had a "minor role" in the burglary. However, the government

would not be bound by Defendant's assertion.

The Career Offender designation should not apply to Mr. Dunphy for several reasons. To be denominated a "career offender," §4B1.1 provides:

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Specifically, Defendant maintains that subsection (3) is inapplicable.

The Defendant does not have "two prior felony convictions of either a crime of violence or a controlled substance offense". Specifically, on September 8, 1994, Defendant, age 18, entered into a guilty plea before the Honorable Anne Lazarus, Court of Common Pleas, to the charges of simple assault, reckless endangerment and carrying a firearm in a public place. Judge Lazarus sentenced Defendant to five years probation. On March 8, 1999, after a hearing, Judge Lazarus terminated Defendant's probation six months early.

On June 14, 2001, Defendant, age 24, entered into a guilty plea before the Honorable Rayford A. Means, Court of Common Pleas, to the charges of simple assault and conspiracy. Judge Means sentenced Defendant to two years probation. On February 1, 2002, Judge Means terminated probation, sixteen months early.

On November 2, 2006, Defendant entered into a guilty plea before the Honorable John J. O'Grady, Jr., Court of Common Pleas, to the charges of manufacturing, delivering or possessing with the intent to deliver a controlled substance. Judge O'Grady sentenced Defendant to two and one-half to five years imprisonment. Defendant was serving this sentence when he was arrested and arraigned on the instant offense.

In fact, the above drug offense before Judge O'Grady occurred on December 21, 2003, or approximately <u>four</u> <u>months</u> <u>after</u> the instant offense. Thus, Defendant maintains that the above drug offense should not be included in the Career Offender determination.

Defendant asserts that this Court find that the Career Offender status (Category VI) significantly over-represents the seriousness of Mr. Dunphy's criminal history and that Category III be applied. Further, Defendant also asserts that he be given a downward departure for his minimal role in the burglary.

Specifically, Defendant's first arrest occurred when he was 18 years old. This initial case was resolved pursuant to a guilty plea when he was only 18 years old. Further, Defendant received a probationary term which was subsequently terminated early. Moreover, the lead charge was simple assault, a Pennsylvania misdemeanor of the second degree. The maximum sentence under Pennsylvania law is two years incarceration. Though the guidelines define a "felony" as a crime punishable by a term of imprisonment exceeding one year, §4A1.2, the Armed Career Criminal Act specifically excludes:

> (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

Thus, Defendant asserts that the Pennsylvania crime of simple assault, a misdemeanor of the second degree, should not be deemed a "felony" for sentencing purposes.

Defendant strongly urges that this first offense should not be included in determining his Criminal History Category for several reasons. First, Defendant was only 18 years old when he committed the offense. Second, Defendant pled guilty to the offense. Third, Defendant received a probationary sentence which was terminated early Judge Lazarus. Fourth, the offense was a

misdemeanor under Pennsylvania law. Thus, this prior offense should not be used as a predicate conviction for the Career Offender status.

Moreover, Defendant's second conviction was also for simple assault, graded as a misdemeanor of the second degree. Defendant was 24 years old at the time of the arrest. Defendant also pled guilty and received a short two year probationary term which was terminated only after six months. Therefore, Defendant urges that this case similarly not qualify as a predicate conviction for Career Offender status.

As the above illustrates, the Career Offender status, with its increased level VI, significantly over-represents the seriousness of Defendant's criminal history. As the Third Circuit stated:

"We hold that as the plain language of § 4A1.3 provides, a district court considering a § 4A1.3 departure may weigh "reliable information [that] indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes," U.S.S.G. § 4A1.3, including factors which the Commission may have otherwise considered in promulgating other provisions of the Guidelines. In so holding, we emphasize that a downward departure under § 4A1.3 is only justified in cases where a defendant's criminal history category "*significantly* over-represents" the seriousness of defendant's past conduct and future threat to society." United States v. Shoupe, 988 F.2d 440 (3rd Cir. 1993)(hereinafter "Shoupe II").

The Third Circuit authorizes the downward departure from Career Offender status where, as here, the criminal history category significantly over-represents the seriousness of Mr. Dunphy's past conduct and his future threat to society. Thus, Mr. Dunphy's criminal history category should be a level III, not a level VI.

II.     Defendant, Robert Dunphy, Jr., should be sentenced pursuant to criminal offense level 23, with an additional adjustment for "minor role."

The parties to the plea agreement contemplated that Defendant would have a criminal offense level of 23, after the adjustments for early acceptance of responsibility pursuant to §§ 3 E1.1 (a) and (b).  However, the Pre-sentence Investigation Report labels Defendant as a "Career Offender" which includes an enhancement of the criminal offense level to 32, from the original 26.  Defendant, Robert Dunphy, respectfully requests that this Honorable Court depart downward in both the criminal history level, as stated infra, as well as the offense level category under § 4A1.3.

Defendant, Robert Dunphy's, criminal offense level must be lowered to the appropriate level of 23.  The Third Circuit has declared that a sentencing court can depart downward in the offense level where the application f the Career Offender provision, § 4B1.1, misrepresents the defendant's criminal history.  United States v. Shoupe, 35 F.3d 835 (3rd Cir. 1994)(hereinafter "Shoupe III").  This downward departure is necessary as there is a nexus between the Career Offender status and the criminal history offense level.  Specifically, the Defendant's offense level is raised by six (6) from 26 to 32, due to the determination of Career Offender.  If the requested downward departure is granted, then Defendant and the U.S. Attorney would obtain the just result originally contemplated by everyone involved.  Shoupe III, supra.

III      Conclusion

WHEREFORE, for the foregoing reasons, Defendant, Robert Dunphy, Jr., respectfully requests that this Honorable Court follow the Third Circuit decisions in <u>Shoupe</u> II and <u>Shoupe</u> III and find that Defendant's criminal history category is III and criminal offense level is 23.

                                                                    Respectfully submitted,

                                                                    MARC J. FRUMER, ESQUIRE
Attorney for Defendant
Robert Dunphy

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Sentencing Memorandum was served by electronic filing, upon:

        Daniel Velez, Esquire
        U.S. Attorney's Office
        615 Chestnut Street, Ste 1250
        Philadelphia, PA  19106

        Joseph Labrum, Esquire
        U.S. Attorney's Office
        615 Chestnut Street, Ste. 1250
        Philadelphia, PA 19106

Date: 12/16/2008

                                                               MARC J. FRUMER, ESQUIRE